JACOB M. LACS, an Infant, by SAMUEL LACS, his Guardian ad Litem, Respondent, *v.* JAMES EVERARD'S BREWERIES, Appellant.

EVIDENCE — WHEN ERROR IN EXCLUDING TESTIMONY OF BRIBERY OF WITNESSES NOT CURED. Upon the trial of an action for negligence the refusal of the court to allow the defendant to show that the plaintiff or his then attorney offered to pay or did pay to witnesses money for the purpose of inducing them to take the witness stand and swear falsely upon a former trial in favor of the plaintiff is an error, which is not cured because their indictment and conviction for perjury therein was proved and they were permitted to testify as to various meetings of the then plaintiff's attorney and the guardian *ad litem* with them and others at which was concocted the scheme to present upon such trial the perjured testimony, since the excluded evidence would have tended to establish a fuller and more unmistakable knowledge of and participation in the effort to bribe witnesses, and a judgment in favor of plaintiff must be reversed.

*Lacs* v. *Everard's Breweries*, 61 App. Div. 431, reversed.

(Argued April 1, 1902; decided April 8, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 3, 1901, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*David B. Hill* and *Eugene Lamb Richards, Jr.*, for appellant. The court erred in refusing to allow the defendant to show that either the plaintiff or his former attorney had bribed or attempted to bribe the witness Rink to give false testimony in favor of the plaintiff. (*Nowack* v. *M. S. Ry. Co.*, 166 N. Y. 433; *McHugh* v. *McHugh*, 186 Penn. St. 197; *Hastings* v. *Stetson*, 130 Mass. 76; *Egan* v. *Bowker*, 5 Allen, 449.)

*Franklin Pierce, Herman Gottlieb* and *Julius H. Cohn* for respondent. There was no error in the exclusion of the testimony referred to in appellant's first point. (*Mangam* v. *B. R. R. Co.*, 38 N. Y. 455; *Fallon* v. *C. P., N. & E. R. R. Co.*, 64 N. Y. 13; *Stone* v. *D. D. R. R. Co.*, 115 N. Y. 104; Greenl. on Ev. § 157; *Schoepflin* v. *Coffey*, 162 N. Y. 12; *Spooner* v. *Del., L. & W. R. R. Co.*, 115 N. Y. 22; *Kaplan* v. *N. Y. B. Co.*, 5 App. Div. 60; Code Civ. Pro. §§ 449, 468, 469; *Christ* v. *Chetwood*, 1 Misc. Rep. 418; *Rosso* v. *S. A. R. R. Co.*, 13 App. Div. 375; 15 Am. & Eng. Ency. of Law [2d ed.], 2; *Hoftailing* v. *Teal*, 11 How. Pr. 188; *Howell* v. *Mills*, 53 N. Y. 322.) If there was any error in the exclusion of the questions asked of the witness Rink it was cured by the subsequent rulings of the court, the testimony of the witnesses Rink and Collins as to alleged perjury, subornation and bribery, together with the criminal records and the charged requests of the defendant. (11 Am. & Eng. Ency. of Law, 503; Greenl. on Ev. § 449; *Allen* v. *Bodine*, 6 Barb. 383; *Lawrence* v. *Barker*, 5 Wend. 305; *La Beau* v. *People*, 34 N. Y. 222.)

*Per Curiam.* The plaintiff, who was about four years of age at the time of the first trial, seeks to recover damages for injuries sustained by reason of the alleged negligence of the driver of one of defendant's brewery wagons in running into and knocking him down in the borough of Manhattan, city of New York, inflicting severe injuries.

This action has been twice tried; at the first trial the jury rendered a verdict for the plaintiff for $10,000 ; at the second trial the verdict was $20,000.

After the affirmance by the Appellate Division of the judgment entered upon the verdict at the first trial, a motion was made by the defendant, before the trial judge, to set aside the verdict and judgment on the ground that the same were based upon fraud and perjured testimony, and that the then plaintiff's attorney and also the guardian *ad litem* not only presented such testimony, but actively participated in procuring it. This motion was granted and a new trial ordered.

At the second trial the defendant called as witnesses John J. Rink and Edward J. Collins, who had been in the meantime convicted of perjury when testifying for the plaintiff on the first trial.

The counsel for the defendant insisted that he was entitled to place before the jury the facts that led to setting aside the verdict rendered at the first trial and the judgment entered thereon.

At the opening of Rink's examination five questions were propounded to him and excluded, to which rulings exceptions were duly taken, which it is claimed by the appellant were legal error.

It is insisted that the effort of the defendant to show by these questions, which need not be stated at length here, that the plaintiff in this action, or his then attorney, offered to pay or did pay to the witness money for the purpose of inducing him to take the witness stand and swear falsely in favor of plaintiff, was not only competent but most important evidence that should have been admitted. (*Nowack* v. *Metropolitan Street Railway Co.*, 166 N. Y. 433.)

The respondent seeks to answer this suggestion by pointing out that the indictments and convictions of these two witnesses, Rink and Collins, for perjury on the first trial, were admitted in evidence, and these witnesses were also permitted, notwithstanding the above criticised rulings, to give evidence as to various meetings of the then plaintiff's attorney and the guardian *ad litem* with these witnesses and others, at which was concocted the scheme to present upon the trial the perjured testimony, to which reference has already been made.

The majority of the court, however, are of opinion that these facts do not present a complete answer to the point raised by the appellant, because they do not show such full and unmistakable knowledge of, and participation in, the effort to bribe witnesses as the evidence excluded would have tended to establish, and that, within the doctrine of *Nowack* v. *Metropolitan Street Railway Company (supra)*, the criticised rulings of the trial judge involve error that necessitates a reversal of the judgment and order appealed from.

The judgment and order appealed from should be reversed and a new trial ordered, with costs to abide the event.

Bartlett and Martin, JJ. (dissenting). (1) There was sufficient evidence admitted to show all the essential facts as to the perjury in the previous case necessary to present the question within the principles laid down in *Nowack* v. *Metropolitan Street Railway Company (supra)*.

Inasmuch as proof was admitted on the trial, which was undisputed, as to all the facts relating to the action of the guardian *ad litem* and former attorney in procuring the perjured testimony there offered, except the mere inducement or consideration by which it was procured, and the proof also showing that the guardian *ad litem* said he " would make it all right " with the witness or witnesses, we are of opinion that the question whether an amount was paid, or promised to be paid in money, is not of sufficient importance to justify the reversal of this judgment, as it does appear, substantially, that there was to be paid a compensation of some kind for

testifying in the case. In fact, we regard it as immaterial whether these convicted felons testified falsely by reason of friendship, self-interest, money or any other consideration which they deemed sufficient to induce them to commit the crime. It does sufficiently appear that the then attorney for the plaintiff and the guardian *ad litem* were present at the interviews with the witnesses, where this wicked scheme was concocted, and this being so, the jury were possessed of every material fact relating to the perjured testimony offered upon the first trial.

(2) We are also of opinion that in the case of an infant of such tender years as to be *non sui juris*, he is not, and ought not, to be held responsible for the actions of a dishonest attorney and guardian *ad litem* who so far depart from their duty as officers of the court as to commit a felony, to the great prejudice of this helpless infant, who is a ward of the court.

This record discloses that the plaintiff, by reason of this accident, is a physical and mental wreck, and that his case on the second trial was supported by unimpeached witnesses. We are, therefore, of opinion that this judgment should be affirmed.

Parker, Ch. J., Gray, O'Brien, Haight and Vann, JJ., concur for reversal; Bartlett and Martin, JJ., dissent.

Judgment reversed, etc.