# Birmingham Railway, Light & Power Co. *v.* John E. Rutledge.

*Action by Passenger against Street Railway for Damages for Personal Injuries.*

1. *Action by passenger against street railway; evidence of number of passengers on car, when admissible.*—In an action by a passenger against a street railway a count in a complaint which ascribed plaintiff's injuries to the "wanton and reckless negligence" of defendant's employees in charge of the car on which plaintiff was a passenger, in that they caused the car to approach and cross a railroad track without stopping, knowing that a train was approaching on such track and that it would probably cross defendant's track without stopping and that there would be a collision between the train and the car and that the probable result of the collision would be injury to the passengers on the car, evidence that the street car was at the time crowded with passengers, was pertinent as supporting the alleged probability and the employer's appreciation of it that passengers would be injured by the collision.

[Birmingham Railway, Light & Power Co. v. John E. Rutledge.]

2. *Same; when complaints of pain by injured passenger admissible.*
   In an action by a passenger against a street railway for in-
   juries caused by a collision between the car on which plaintiff
   was riding, and a railroad train, complaints of pain and suffer-
   ing on the part of the injured passenger, made at the time
   the injuries were received, may be adduced as original evi-
   dence.

3. *Same; same; case at bar.*—In such a case it is competent for a
   physician to testify that plaintiff told him that he was hurt
   internally and that he had pains in his hips and was nervous.

4. *Same; plaintiff may walk before jury.*—In such a case where the
   evidence tended to show that the plaintiff was injured in the
   back and legs as a result of the collision so as to affect his
   ability to walk, he may be allowed to "walk the best he can"
   before the jury.

5. *Same; evidence of injuries to sexual organs.*—In such a case
   where the evidence tended to show that the plaintiff received
   injuries which affected his sexual organs, he may testify that
   he "thinks such organs are no good" to him.

6. *Same; examination of witness.*—Where an objection is sustained
   to a question propounded a witness and such question is after-
   wards answered, there is no error of which the excepting
   party can complain.

7. *Same; cross-examination of witness.*—Where a physician, wit-
   ness for defendant, testified that he was sent by the defendant
   to see plaintiff after his injury, the plaintiff may bring out
   on cross-examination what the defendant's attorney said to
   him, as tending to show a bias unfavorable to defendant.

8. *Same; examination of witness.*—Where a witness was asked to
   state at what rate of speed the car approached the railroad
   crossing, his answer that "it would be hard to judge that, be-
   cause it had just started and it could not have been running
   fast," was properly excluded, as being the witness' conclu-
   sion.

9. *Same; charge of court to jury; not error to repeat charges.*—The
   repetition by the court of sound and material pertinent legal
   propositions in charging the jury, is not error, though such
   repetition is effected by giving two idential charges at the
   request of the plaintiff.

10. *Same; when general charge properly given for plaintiff.*—Under
    the evidence adduced on the trial, there being but one con-
    clusion open to the jury,—that the plaintiff was injured
    through the negligence of defendant's employees in bringing
    a car of which they had control and on which plaintiff was

a passenger, in contact with an engine running on the bisecting track of a railroad company, the court properly gave the affirmative charge for the plaintiff.

11.  *Same; same; when not error to refuse charge.*—Where the affirmative charge on the case generally was given for the plaintiff, the refusal of the court to charge in favor of defendant, on one of the counts of the complaint, if error, involved no injury to the defendant.

12.  *Same; same; jury judges of damages to be awarded.*—In such a charge that "the jury are the sole judges of the damages to be awarded," is correct.

13.  *Same; same; non-recoverable items of physician's bill.*—The fact that some of the items which made up the bill rendered to plaintiff by his physician, for services, are not recoverable in this cause, does not warrant an instruction to the jury to disregard the doctor's bill.

APPEAL from City Court of Birmingham.

Tried before the Hon. WM. W. WILKERSON.

This was an action by the appellee against the appellant for damages for personal injuries received while a passenger on the defendant's street railway as a result of a collision between the car on which the plaintiff was riding and a Louisville & Nashville railroad train.

The third count of the complaint is as follows: "The plaintiff claims of the defendant the sum of ten thousand dollars as damages, for that, on and prior to the 25th day of July, 1901, the defendant was a body corporate, and was operating electric cars for the carriage of passengers for hire, in said county and State, and on to-wit: said 25th day of July, 1901, plaintiff was a passenger on one of defendant's street cars going from Woodlawn to Birmingham, there being several passengers on said car, and as the car upon which plaintiff was riding approached and reached the point where defendant's railroad crosses the track of the Louisville and Nashville Railroad Company, at or near East Birmingham (the same was not brought to a stop but) proceeded across said Louisville & Nashville railroad when a freight train of the Louisville Railroad Company moving northward collided with the car upon which the plaintiff was riding, turning the defendant's car over,

[Birmingham Railway, Light & Power Co. v. John E. Rutledge.]

and the plaintiff was thrown out upon the ground and one of the other passengers was thrown with great force against or upon him, and the plaintiff sustained severe injuries in his neck, stomach, back and testacles, from all of which he suffered great physical pain and mental torture ,and was disabled from work, and was put to large expense in and about his cure in the way of medicines, nursing and medical attention, all to his damage ten thousand dollars as aforesaid, hence this suit. And the plaintiff avers that his said injuries were caused by the wanton and reckless negligence of the defendant's employes in charge of said car upon which plaintiff was a passenger in causing said car to approach and cross said Louisville & Nashville Raiilroad, without stopping, knowing that a Louisville & Nashville train was approaching the defendant's track and that it would probably cross the defendant's track without stopping, and knowing that there would probably be a collision between said Louisville & Nashville train and the car upon which plaintiff was a passenger, and that the reasonable and probable result of the collision would be an injury to the passengers on defendant's said car."

The evidence for the plaintiff tended to show that on November 1, 1901, the plaintiff was a passenger on one of the defendant's cars, in the city of Birmingham; that the car in passing through Birmingham had to cross the tracks of the Louisville & Nashville Railroad Company; that the car upon which plaintiff was riding ran into or collided with a train of said railroad company; that the car was turned over, throwing plaintiff out and someone fell on him, striking him in the stomach, and he received serious injuries to his back, spine, legs, stomach and testicles, from which he has never recovered and would not likely recover; that for a space of sixty feet before reaching the Louisville & Nashville tracks the way was unobstructed and there was nothing to prevent the motorman of the car from seeing up and down the railroad track, and that the motorman proceeded to cross the track without stopping, although a freight train was approaching at the time which collided with the car.

The evidence for the defendant tended to show that the car upon which plaintiff' was riding approached within fifteen feet of the Louisville & Nashville track and stopped; that the motorman did not see the approaching Louisville & Nashville train until after he had started up the car, and it was then too late to stop it before being struck by the train, and that the way was unobstructed for thirty feet; that plaintiff was but slightly injured.

On the direct examination of one Sheets ,a witness for plaintiff, he was asked the following question: "Were there other people on the car at the time of the collision?" to which the defendant objected, the court overruled the objection and defendant excepted. The witness answered, "Yes, sir; there were a good many."

On the direct examination of the witnesses Burt, Reinhardt, Rutledge, Hurt and Wyman, they were asked by the plaintiff whether they heard him complain of being injured immediately after the collision, to which questions the defendant objected, the court overruled the objection, and defendant excepted. The witnesses answered that he complained a good deal.

On the examination of the plaintiff, he was told by his counsel "to walk the best he could before the jury." The defendant objected, the court overruled the objection and defendant excepted. Plaintiff then walked before the jury. After the plaintiff had detailed the nature and extent of his injuries he was asked the following question: "What about your sexual organs," and the witness answered, "I do not think it is any good to me." The defendant objected to this statement, the court overruled the objection and defendant excepted.

Dr. Jones, a witness for defendant, having testified that he was directed by the defendant to examine the plaintiff after the injuries were received, testified that his injuries were slight, and was asked on cross-examination to "State what Mr. Morrow (the defendant's attorney) said to you at the time he sent you to see plaintiff," to which the defendant objected, the court overruled the objection and defendant excepted. The witness answer-

[Birmingham Railway, Light & Power Co. v. John E. Rutledge.]

ed: "He told me to go there and see his condition, his true condition."

Upon the introduction of all the evidence the court gave the following written charges to the jury at the request of the plaintiff, to which the defendant excepted (1). "The jury are the sole judges of the damages to be awarded in this case." (2). "The court charges the jury that if they believe all the evidence in this case they will find a verdict for the plaintiff." (3). "It is left alone to the jury to say how much damages they will give to the plaintiff in this case." (4). "If the jury believe all the evidence they will find for the plaintiff."

The defendant requested the court to give the following written charges to the jury, which the court refused to give, and defendant excepted: (1). "If the jury believe the evidence they cannot find for the plaintiff under the fourth count of the complaint." (2). "If you believe the evidence you must render your verdict in favor of the defendant." (3). "If you believe the evidence you cannot find for the plaintiff under the first count of the complaint." (4). "If you believe the evidence you cannot find for the plaintiff under the second count of the complaint." (5). "I charge you that Dr. Parke and Dr. Riggs who have testified in this case were appointed by the court as a board of medical examiners to examine the plaintiff." (6). "You cannot take into consideration the doctor's bill testified to in this case in assessing plaintiff's damages."

The jury rendered a verdict in favor of the plaintiff assessing his damages at $4,000.00. The defendant afterwards moved for a new trial on the grounds that the verdict was contrary to the weight of the evidence and was excessive and that the court erred in refusing to give the six charges requested by defendant. The court overruled the motion, and defendant appeals and assigns as error the several rulings of the court to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL & WALKER, for appellant.—The court erred in permitting the witness Sheets to testify that there were many people on the car. Clay

[Birmingham Railway, Light & Power Co. v. John E. Rutledge.]

case, 108 Ala. 234. The court erred in receiving evidence of plaintiff's complaints of pain. *Henderson v. W. U. T. Co.*, 99 Ala.; Hales case, 99 Ala. 8; *Roche v. Brooklyn City, etc. Co.*, 105 N. Y. 294, 11 N. E. Rep. Davidson case, 30 N. E. 573; Kennedy's case, 29 N. E. 141; Leach's case, 30 N. E. 163; Pickering case, 10 N. E. 827; I Green. Ev. 102. The court erred in permitting plaintiff to walk before the jury. *Meyer v. Thompson, etc. Co.*, 116 Ala. 638; *Evans v. State*, 109 Ala. 11; *Tesney v. State*, 77 Ala. 33; *Miller v. State*, 107 Ala. 40; *L. & N. R. R. Co. v. Pearson*, 97 Ala. 219; *Linehan v. State*, 113 Ala. 83. The court erred in permitting the plaintiff to testify regarding his sexual organs. *Ala. G. S. R. Co. v. Tapia*, 94 Ala. 231. The court erred in overruling the objection to the question to Dr. Jones calling for what Mr. Morrow told him. *A. G. S. R. Co. v. Hawk*, 72 Ala. 112; *Ricketts v. Birmingham Ry. Co.*, 85 Ala. 600. The repetition of charges on the subject of damages was error to the defendant. The court erred in giving the general charge for plaintiff. *London v. R. Co.*, 56 N. E. 988; *E. T. V. & G. R. Co. v. Bayliss*, 74 Ala. 161; *City Council v. Montgomery*, 72 Ala. 411. The amount of damages must find support in the evidence and the court erred in giving the charge on that subject for plaintiff. *L. & N. R. Co. v. Orr*, 91 Ala. 553. The doctor's bill should not have been considered by the jury. *Galveston R. Co. v. Thackery*, 17 S. W. 521; *San Antonio R. Co. v. Muth*, 27 S. W. 752.

JOHN T. SHUGART, FRANK S. WHITE and A. O.LANE, *contra.*—It was proper to show that there were many people on the car, as plaintiff claimed that he was hurt by a passenger falling on him. Complaints of pain made by plaintiff after the collision were admissible. Plaintiff was properly permitted to walk before the jury. 3 Am. Neg. Cases, 202; Carrico's case, 10 Am. Neg. Cases, 438; *S. & N. R. Co. v. McLendon*, 63 Ala. 266. The general charge was properly given for plaintiff. *Seaboard Co. v. Woodson*, 98 Ala. 378; *Scitz v. R. Co.*, 10 N. Y. Sup.; *Baker v. R. Co.*, 118 N. Y. § 18; *Feeney v. R. Co.*, 5 L. R. A. 546.

McCLELLAN, C. J.—A count of the complaint ascribes plaintiff's injuries to the "wanton and reckless negligence" of defendant's employes in charge of the car on which plaintiff was a passenger, and goes on to allege that this wanton and reckless negligence consisted in their causing said car to approach and cross the Louisville & Nashville Railroad, without stopping, knowing that a Louisville & Nashville train was approaching defendant's track, and that it would probably cross defendant's track without stopping, and knowing that there would probably be a collision between the Louisville & Nashville train and the car upon which plaintiff was a passenger, and that the reasonable and probable result of the collision would be injury to the passengers on defendant's said car. Under this count, in our opinion, evidence that said street car was at the time crowded with passengers, or "that there were many people on the car" was pertinent as supporting the alleged probability, and the employer's appreciation of it that passengers would be injured by the collision. Was it not also competent as tending to color more darkly their alleged wantonness apart from the consideration just adverted to?

This court is committed to the proposition, and satisfied of its correctness, that in cases of this sort complaints of pain and suffering on the part of the alleged injured person may be adduced as original evidence tending to prove the existence of the condition or sensation complained of.—*Telegraph Co. v. Henderson,* 89 Ala. 510, 521; *B. U. Ry. Co. v. Hale,* 90 Ala. 8, 10-11. The testimony of plaintiff's physician : "He told me that he was hurting—hurt internally. Said he was hurting in here somewhere," like much other testimony objected to by defendant, was of this character, and so too was the testimony of Dr. Wyman that plaintiff told him he had pains in his hips and was nervous.

We, of course, cannot know precisely what figure the plaintiff cut when told by his counsel and allowed by the court against defendant's objection "to walk the best he could before the jury." It would be difficult if not impossible to reduce the result of that experiment intelli-

gibly to paper, and no effort to that end was made. So we are not advised whether he did "his best" in the way of walking, or, to the contrary, did his best in the way of impressing the jury that his powers of locomotion had been greatly impaired. Certainly there was temptation toward the latter course; and it would seem impracticable by any sort of *cross exercise,* so to say, to test the good faith of his gait. Ethically speaking there is grave doubt whether this man's physical organism should have been exposed to this temptation and to the strain necessarily incident to yielding to it, if he did yield. But on legal principle the evidence is on the same plane as that afforded the jury by a view of his person in repose, or by having him stand before them to show that one leg is longer than the other were the shortening or elongation of a leg the thing complained of, or by exposing an arm to the jury upon invocation to do his best bending it at the joints, the claim being that it is stiffened, and therefore, incapable of normal use, and the like; and we are not prepared to say that the court erred in allowing this walking illustration of the plaintiff's alleged injuries.

Abstractly speaking the evidence, the admission of of which is challenged by the seventeenth and eighteenth assignments of error, may appear to be of an uncertain significance; but the delicacy of the subject under inquiry not only rendered proper—even commendable— the apparent indirection and vagueness of both the question and the answer, but also accounted for and relieved such vagueness and indirection to the minds of the jurors: They knew precisely what the point of inquiry was and doubtless got the precise import of the answer. It is not always necessary to call a spade a spade.

It will suffice to say that the exceptions made the basis of the nineteenth and twentieth assignments of error were emasculated—assuming, which we do not decide, that they had merit when reserved—by the subsequent testimony of the witness: The questions were in fact afterwards answered.

The testimony of Dr. Jones as to what Mr. Morrow said to him when he sent the witness to see the plaintiff was properly admitted on the cross-examination of that witness as tending to show a bias favorable to the defendant.

The witness Howell being asked: "At what rate of speed did the electric car approach the crossing?"; replied: "Well, it would be hard to judge that, because it just had started, and it could not have been running fast." This answer was not only altogether vague, but it was potently the witness' mere conclusion of fact from another fact. It was properly excluded. The court had the right to exclude it, and that upon plaintiff's motion, even though it had been responsive to the question and the plaintiff had lost the right to have it excluded by failing to object to the question. But it was not really responsive.

We are not of opinion that the repetition by the court of a sound and pertinent legal proposition in charging the jury is error, and it is not of consequence that the repetition is effected by giving two identical charges at the request of a party.

There was but one conclusion open to the jury on the evidence in this case, viz.—that the plaintiff was injured through the negligence of defendant's employes in bringing the car of which they had control and on which plaintiff was a passenger in collision with an engine running on the bisecting track of the Louisville & Nashville Railroad Company; and the city court properly instructed them to find for the plaintiff if they believed the evidence.

The affirmative charge on the case generally having been properly given for the plaintiff, the refusal of the court to charge in favor of the defendant on one of the counts averring simple negligence—that of the conductor—if error, involved no injury to the defendant.

Charges given must be taken with reference to the evidence. It was for the jury to assess the damages in this case upon the evidence. The court's charge: "The jury are the sole judges of the damages to be awarded in

this case," was a correct statement of the law. It was to be assumed that they would look to the evidence of injury in making their assessments. If the defendant apprehended they would be misled by the charge to go outside of the evidence, that supposed tendency should have been eliminated by requesting an explanatory charge. Or, if it appeared that they had gone outside of or beyond the evidence in their verdict the court had power to correct their action: That power was of course not surrendered, and the charge given had no reference to it. Its existence was not inconsistent with the sole duty of the jury in the first instance to assess the damages.

The fact that some items which made up the total of Dr. Hurt's bill for services, etc., rendered the plaintiff were not recoverable in this action furnished no justification for defendant's 6th request for instruction. On the whole evidence it was practicable for the jury to leave out these items and include the balance of the bill in their assessment.

We are unable to say that the trial court erred in overruling defendant's motion for a new trial.

Affirmed.

TYSON, SIMPSON and ANDERSON, J.J., concurring.