# Southern Ry. Co. v. Pogue.

## *Action for Injury to Animal.*

·[DECIDED APRIL 4, 1906, 40 So. REP. 565.]

1. *Appeal; Pleadings; Amendment; Objections; Record*—.An objection to the allowance of an amendment to a complaint should be shown by bill of exception, and where it is shown only by the record of the minutes of the court, it will not be reviewed on appeal.

2. *Railroads; Injury to Animals; Action; Variance.*—In an action charging the killing of plaintiff's horse, proof that the animal killed was a mare, did not create a variance fatal to plaintiff's right of recovery. The word horse includes the female sex of the genus.

3. *Same; Ownership.*—Testimony of a witness that he saw hair upon the track where the horse was killed, and that the hair looked like the hair of plaintiff's horse, was some evidence of plaintiff's ownership of the horse admitted to have been injured; sufficient to require a submission of the question to the jury.

4. *Same; Negligence.*—Evidence in the opinion held to require a submission of defendant's negligence, *vel non*, to the jury.

5. *Same; Instructions.*—Instructions which fail to hypothesize the fact that the engineer was keeping a proper lookout and could not have discovered the horse earlier, were properly refused to defendant.

6. *Same.*—An instruction requiring a finding for plaintiff if the horse was killed by reason of the engineer running the train at such a rate of speed that it could not be stopped within the glare of the headlight, asserts a correct proposition of law, and if abstract, this is not grounds for reversal.

APPEAL from Gadsden City Court.
Heard before Hon. J. H. DISQUE.

This was an action by appellee against apellant for killing by appellant's train of a horse belonging to appellee. The original summons and complaint contained two counts and were in the name of Mrs. J. L. Pogue. The complaint was afterwards amended by changing the initials, "J. L." of the plaintiff, to "Barnett M.," thus making the plaintiff's name "Barnett M. Pogue" instead of "J. L. Pogue." There was objection by the defendant to this amendment, and the objection was overruled. These facts appear only in the minute entry, and were not set out in the bill of exceptions. There were several pleas not necessary here to be set out, and issue was joined, on the general issue. The facts sufficiently appear in the opinion.

The plaintiff requested the following charge: Charge 3. "The court charges the jury that, if they are reasonably satisfied from the evidence that the horse was killed by reason of the engineer running the train at such rate of speed that it could not be stopped within the distance the horse could be seen by the use of the headlight, they will find for the plaintiff."

The defendant requested the following written charges, which were refused: First. General affirmative charge. Charge 2. "The court charges the jury that if the mare ran on the track suddenly from the woods, so near the engine that it was impossible to stop the train before the mare was struck, by the use of all the means used by well regulated railroads, then your verdict should be for the defendant." Charge 3. "The court charges the jury, if the mare ran on the track suddenly from the woods, so near the engine that it was impossible to stop the train before the mare was struck, by the use of all means used by a well-regulated railroad, then the engineer was not required to do anything to stop the train." Charge 4. "The court charges the jury, if the jury believe from the evidence that the mare came suddenly on the track, so close to the engine that the engineer could not stop in time to prevent running over her, her destruction cannot be ascribed to defendant's negligence, and in that event their verdict should be for the defendant." Charge 5. "The court charges the jury

that if they find that the mare rushed suddenly from the woods on the railroad track, so near to the engine that it could not have been stopped in time to have avoided injuring the mare by the use of all the means used by a well-regulated railroad, then your verdict should be for the defendant." Charge 6. "The court charges the jury the fact that the engineer could not see beyond 40 or 50 yards with the headlight he had cannot make the defendant liable in this case, if the jury believe from the evidence that the mare, after she got on the track, was never beyond 40 yards from the engine." Charge 7. "The court charges the jury, if the mare ran suddenly on the track from the woods, so near the engine that it was impossible to stop the train before the mare was struck, by the use of all the means used by well-regulated railroads, then the engineer was not required to do anything to stop the train, and the plaintiff could not recover." Charge 8. "The court charges the jury that if they find that the mare rushed rapidly from the woods onto the railroad track, so near the engine that it could not have been stopped in time to have avoided injuring the mare by the use of all the means used by well-regulated railroads, it would make no difference whether the engineer could see more than 40 or 50 yards by the headlight, and in that event your verdict should be for the defendant."

There was verdict and judgment for plaintiff for $98.

BURNETT, HOOD & MURPHREE, for appellant.

CULLI & MARTIN, for appellee.

TYSON, J.—The counts of the complaint are the same as those in *Southern Railway Co. v. Hoge*, (Ala.) 37 South. 439, *mutatis mutandis*, in which case we hold that the demurrer, which was substantially as the one here interposed, was not well taken. We see no reason for departing from that ruling.

The objection taken to the allowance of the amendment of the complaint, and the exception reserved thereto, which were necessary to a review of the action of the trial court, should be shown by the bill of exceptions.

Being shown only by the record of the minutes of the court below, we cannot review that ruling.—*Bryan v. Wilson*, 27 Ala. 214; *Tuscaloosa W. Co. v. Mayor and Aldermen of Tuscaloosa*, 38 Ala. 516; *Mahoney v. O'Leary*, 34 Ala. 97, 99.

It is next insisted that the affirmative charge requested by defendant should have been given, because, first, the evidence undisputedly and affirmatively showed that the servants of defendant in operating the train were not guilty of any negligence; second, there was no proof of the ownership of the mare by plaintiff; and, third, this action was brought for the killing of a horse, whereas the evidence shows that the animal killed was a mare. We shall dispose of these insistences in the inverse order in which they are made:

It is true the complaint is for injuring or killing a horse, and it is also true that the animal injured was a mare. But this does not constitute a variance. The word "horse" is broad enough to include, and does include, the female sex of that genus, and therefore a mare is included in it.

It is also true that there was no direct testimony that plaintiff owned the mare shown to have been injured; but one of the witnesses, in describing the conditions of the place where the injury occurred, said: "I saw signs of blood and hair on the track. The hair looked like the hair of plaintiff's horse." This, we think, is some evidence of plaintff's ownership of the mare that was admitted to have been injured.

On the question of negligence *vel non*, the evidence tends to show that after the mare was seen by the engineer, and after she had actually gotten upon the track, she ran along it a distance of some 40 or 50 yards before she was overtaken by the engine, and then carried about 40 yards before she was knocked off. The engineer admits he saw her approaching the track some 15 or 20 feet from it before going on it. How far he was from the point where she got upon the track when he saw her, and when he says he applied the air brakes and blew the stock alarm, he did not state; nor did he know how far the train ran after he applied the air brakes. The speed

of the train at the time he saw her was between 25 and 30 miles an hour, and he stated that in his judgment the train could not have been stopped in less than 100 yards. He did not remember whether or not he reversed his engine; nor did he testify that he used all the appliances at hand to stop the train in order to avoid the injury. It is true, he stated he did all he could to stop the train and prevent the injury. But it is inferable that all he did was to apply the air brakes. The court was not bound to accept his opinion that the train could not have been stopped within less than 100 yards. But, conceding that it could not have been stopped in a less distance than stated, it is not shown with any degree of certainty but that his train traversed a greater distance than 100 yards after he saw the mare approaching the track and before the engine struck her. He could have seen her 50 yards away as she approached the track, and if he did see her it is inferable that his train traveled more than 100 yards before it overtook her, and more than 150 yards before knocking her off. But, if he did not see her, the track being straight, it was open to the jury to find that he could have done so by keeping a proper lookout, and therefore he was negligent in that respect. So, then, under either aspect of the inferences afforded by the evidence, the question of negligence was for the jury; and the charge was properly refused.

Charges 2, 3, 5, and 7 were properly refused on account of the omission to hypothesize the fact that the engineer was keeping a proper lookout, and might not have discovered the mare earlier, and that the train was properly equipped. This last criticism applies also to charges 4, 6, and 8. Their refusal was also proper.— *Central of Ga. Ry. v. Stark,* 126 Ala. 365, 28 South. 411; *Cen. of Ga. Ry. v. Turner,* 145 Ala. 441; 40 South. 335. The case of *L. & N. R. R. Co. v. Brinkerhoff,* 119 Ala. 606, 24 South. 892, is clearly wrong on this point, and has been practically overruled.

Charge 3, given at the request of the plaintiff, asserts a correct proposition of law. If abstract, this is not a ground of reversal. The facts of the case are essentially different from those shown by the record in *Southern*

*Railway Co. v. Hoge, supra,* relied upon by appellant as supporting its contention that the affirmative charge should have been given.

Affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.