# Key v. Goodall Brown & Company.

## *Assumpsit.*

(Decided January 16, 1913.  60 South. 986.)

1. *Appeal and Error; Waiver.*—Although rulings are assigned as error they are waived if not insisted upon in brief or argument of counsel.

2. *Same; Harmless Error; Evidence.*—Where plaintiff was entitled to have a verdict directed for him, the defendant cannot complain of erroneous rulings on evidence, which would not have affected the result.

3. *Same; Instructions.*—Where the plaintiff is entitled to the general affirmative charge, it is harmless error to give or refuse special charges for defendant.

.4. *Trial; Objection to Evidence; Sufficiency.*—Where evidence was admissible under one count, a general objection to its admissibility without a request that it be limited and restricted to that count, was properly overruled.

5. *Parties; Amendment; Misdescription.*—Where the complaint alleged that the plaintiff was a corporation, it was proper to permit an amendment alleging that it was a partnership setting out the names of the partners composing it.

6. *Principal and Agent; Authority of Agent.*—A traveling salesman or drummer being an agent to sell had no authority to release a purchaser from liability for goods sold and accept a third person in his place, and hence, evidence as to that fact was immaterial.

7. *Evidence; Res Inter Alios Acta.*—Where the action was for the purchase price of goods, evidence that a third person had agreed with the purchaser to assume the payment of the debt, was properly excluded as res inter alios acta.

8. *Charge of Court; Instructions; Bad in Part.*—Where the complaint contained counts for goods sold, on accounts stated and on account, and there was a duly itemized verified account introduced in evidence, and the defendant admitted having purchased and received the goods, plaintiff was entitled to recover under one of the counts, and the defendant was not entitled to the general affirmative charge; a request for an affirmative charge on the whole case does not raise the question whether plaintiff could recover under any particular count.

[Key v. Goodall Brown & Company.]

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Assumpsit by Goodall Brown & Co. against J. A. Key. Judgment for plaintiff and defendant appeals. Affirmed.

RAY & COONER, for appellant. The verified account was not applicable to two of the counts, and hence, the court erred in admitting it in evidence.—*Comer v. Way,* 107 Ala. 302; *Moore v. Holloway,* 138 Ala. 448. The court improperly allowed the amendment.—*Steiner Bros. v. Stewart,* 134 Ala. 568. The case of *Lewis L. Co. v. Camody,* 137 Ala. 580, ought to be overruled.— 131 Ala. 411; 119 Ala. 563; 89 Ala. 375. The court should have permitted the salesman to state that he accepted another as purchaser in the place of defendant. —29 Cyc. 1131-2. Counsel discuss other assignments of error without citation of authority. They insist, however, on the authority of *Simon v. Johnson,* 105 Ala. 344, that the court was in error in directing a verdict for plaintiff.

BANKHEAD & BANKHEAD, for appellee. The objection to the verified account was general, and as it was good as to one count, the objection was properly overruled. The objection to the amendment is not shown by the bill of exceptions and will not be considered.— *So. Ry. v. Pogue,* 145 Ala. 444. The amendment was permissible and properly allowed.—*Lewis L. Co. v. Camody,* 137 Ala. 580; *Manistee Mills v. Hobdy,* 165 Ala. 411. An agent to sell has no authority to substitute another for the original purchaser.—*Simon v. Johnson,* 105 Ala. 344. Counsel discuss the charges, but without citation of authority.

PELHAM, J.—Suit was brought by the appellee in the circuit court to recover for goods sold by it in the due course of business as wholesale merchants of Birmingham, Ala., to the appellant, a retail merchant of America Junction, Walker county, Ala. The complaint contained three counts; the first on account, the second on account stated, and the third for goods, wares, and merchandise sold, etc. Indorsed on the complaint was a statement that an itemized statement of the account sued on would be used in evidence.

The record contains various pleas, demurrers, and replications, and the minute entry shows the court's rulings on these pleadings, but, after the last amendment of the complaint, it does not seem that any special pleas were filed, or that the pleas previously filed were refiled to the complaint as amended; and the appellant's counsel states in his brief that the defendant pleaded the general issue, and makes no insistence on the rulings of the court on the pleadings as error, although some of these rulings are assigned as error. Not, however, being insisted upon, they are waived.—*Harper v. Raisin Fer. Co.*, 148 Ala. 360, 42 South. 550; *Polytinsky v. Patterson*, 3 Ala. App. 302, 57 South. 130; 3 Mayfield's Dig. p. 133. And we shall only treat such matters as are insisted on and argued in brief of counsel.

The first assignment of error insisted on by counsel in brief is that the court erred in not sustaining the defendant's objection to the verified itemized account offered in evidence by the plaintiff, because it was not competent evidence in support of the second count of the complaint. It is true that the verified account was not competent evidence under the second count of the complaint (*Moore v. Holloway & Co.*, 138 Ala. 448, 35 South. 453; *Comer & Co. v. Way & Edmondson*, 107 Ala.

300, 19 South. 966, 54 Am. St. Rep. 93), but it was competent under other counts of the complaint (*Clements v. Mayfield Woolen Mills*, 128 Ala. 332, 29 South. 10); and, the objection being general to the admissibility of the evidence under the complaint as a whole, the court cannot be put in error for admitting the verified account in evidence. If the defendant desired to have this evidence limited and restricted to counts it was admissible and competent evidence to support, the duty rested upon him to do so, by appropriate instructions.

The action of the court in allowing the plaintiff to amend the complaint by striking out the words "a corporation," and inserting in lieu thereof "a partnership," and setting out the names of the parties composing the partnership, was without error.—*Lewis Lumber Co. v. Camody*, 137 Ala. 578, 35 South. 126; *Manistee Mill Co. v. Hobdy*, 165 Ala. 411, 51 South. 871, 138 Am. St. Rep. 73. The court's ruling in this particular, however, is not shown by the bill of exceptions, but only by the record of the minutes of the court.—*So. Ry. Co. v. Pogue*, 145 Ala. 444, 40 South. 565.

The objections to the questions, seeking to show a novation and acceptance of another, in lieu of the original debtor by Todd, the traveling salesman or "drummer" of the plaintiff, were properly sustained. The evidence disclosed no authority, upon the part of Todd, to bind the plaintiff in such a transaction. The fact that he was a salesman, with authority to sell goods for the plaintiff, does not of itself carry with it the implied authority to release the original debtor, accepted by the plaintiff, and substitute another in his place, or even to collect from the original purchaser the money due for the goods sold.—*Simon & Son v. Johnson*, 105 Ala. 344, 16 South. 884, 53 Am. St. Rep. 125.

[Key v. Goodall Brown & Company.]

Any agreement between the defendant and Waldrop, by which the latter was to assume the payment of the debt due to the plaintiffs by the defendant for the goods purchased by defendant, was res inter alios acta as to the plaintiffs, and the court properly sustained objections to questions seeking to elicit such evidence.

The general charge requested by the defendant (numbered 1) could not have been given. The right of the plaintiff to recover on one of the counts of the complaint was not only supported by the itemized verified account introduced in evidence, but also by the testimony of the defendant, who admitted having purchased and received the goods. The evidence sought to be introduced by the defendant, showing a novation or agreement by the plaintiff's salesman to accept another in place of the defendant as the plaintiff's debtor, was properly excluded, or not admitted, and the plaintiff was entitled to the general charge given by the court at its request. As the plaintiff was entitled to recover under one of the counts of the complaint, a request for the affirmative charge on the whole case did not raise the question whether the plaintiff could recover under any particular count of the complaint.—*A. C. L. R. R. Co. v. Dàhlberg Brokerage Co.,* 170 Ala. 617, 54 South. 168.

Each of the special charges asked by the defendant, numbered 2, 3, and 4, is a direction to the jury to find a verdict in favor of the defendant on a separate count of the plaintiff's complaint, and not an instruction that the jury could not find for the plaintiff under the specified count. As framed, these charges were properly refused.—*Goldstein v. Leake,* 138 Ala. 573, 36 South. 458; *Ala. Iron Co. v. Smith,* 155 Ala. 287, 46 South. 475.

Besides, the plaintiff was entitled to have the verdict directed in its favor, and the defendant is not in a posi-

tion to complain of erroneous rulings, which could not have affected the result.—*So. Ry. Co. v. Cortner,* 3 Ala. App. 400, 58 South. 84.

Where the general affirmative charge is properly given for the plaintiff, giving or refusing special charges for the defendant, if error, is without injury.—*Birmingham Ry. Co. v. Rutledge,* 142 Ala. 195, 39 South. 338.

The questions insisted upon and discussed by appellant show no reversible error in the rulings of the trial court, and the case will be affirmed.

Affirmed.