HELEN WERTHEIMER, Respondent, *v*. NEW YORK RAILWAYS COMPANY, Appellant.

First Department, April 5, 1917.

Evidence — attempt of plaintiff's attorney to influence adverse witnesses after first trial — attorney and client — client not allowed to benefit by fraud of his attorney — appeal — record — investigation by justice sitting as magistrate.

On the trial of an action to recover for personal injuries caused by alleged negligence, it is error for the court to refuse to allow the defendant to give evidence to the effect that since the first trial of the action the plaintiff's attorney, through a so-called "investigator" employed by him, visited witnesses who had formerly given adverse testimony and attempted by improper and corrupt means to induce them to alter their testimony in favor of the plaintiff.

Such evidence should not be excluded upon the theory that the plaintiff should not be prejudiced by the unauthorized act of his attorney, for if a client obtains a judgment by the means aforesaid he should not be allowed to benefit by it to the detriment of his opponent on the ground that he did not specifically authorize his attorney to resort to fraud.

On the appeal from a judgment for the plaintiff the court will not consider an inquiry instituted by a justice who presided at the first trial, subsequently sitting as a magistrate, wherein he took evidence concerning the acts and conduct of the plaintiff's "investigator," which proceedings have no place in the record on appeal.

APPEAL by the defendant, New York Railways Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of June, 1916, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 29th day of June, 1916, denying defendant's motion for a new trial made upon the minutes.

*Frederick J. Moses*, for the appellant.

*Don R. Almy*, for the respondent.

SCOTT, J.:

This is the usual action by a passenger upon a street railway car who claims to have suffered injury from the negligent manner in which the car was operated. The trial was signal-

ized by what was evidently very bitter personal feeling between counsel, which resulted in innumerable captious and frivolous objections, the discussions upon which swelled the record to a most unreasonable degree. By far the greater parts of the argument at bar and on the briefs have been devoted to matters not to be found in the record, and, therefore, not to be considered on this appeal. In all this long record but a single question presents itself which demands our consideration.

This was the second trial of the action, the first having apparently resulted inconclusively. Among the witnesses called by the defendant on the former trial and on this were a man named Eidelman and a woman named Fried. Upon this trial the defendant attempted to prove that after the first trial a man named Barr, an "investigator" employed by the plaintiff's attorneys, had visited the witnesses Eidelman and Fried and had attempted by improper and corrupt means to induce them to recant their testimony favorable to defendant, and to testify favorably to plaintiff. The employment of Barr by plaintiff's firm was admitted, as it was that his duties were to interview witnesses and obtain their statements. It was shown that he was so employed at the time that, as is alleged, he had attempted to corrupt defendant's witnesses, and that he called upon the witnesses named in compliance with instructions given by the attorneys. Precisely what these instructions were, and how far he was authorized to go, was excluded on objection of plaintiff's counsel, although it appeared that the instructions were in writing and were in court. Of course the inference is that the instructions were of a character which would not have reflected credit upon their author.

Finally after such discussion the court refused to allow the defendant to prove Barr's actions with respect to the witnesses named, and the defendant duly excepted.

This exception presents clear error. The question of the admissibility of such evidence was carefully considered in *Nowack* v. *Metropolitan Street Railway Co.* (166 N. Y. 433) where the contention was that the defendant had attempted, through an "investigator," to corruptly influence some of the plaintiff's witnesses. It was held that the evidence, although

in a sense dealing with a collateral question, was competent and should have been received upon the ground that it might be deemed to amount to an admission by the party seeking to corrupt the witnesses that his own case was weak and his own evidence dishonest. This conclusion was fortified by the citation of a wealth of authorities both in England and in this country. The *Nowack* case was followed and its ruling reiterated in *Lacs* v. *Everard's Breweries* (170 N. Y. 444), and the question may be considered as beyond controversy in the courts of this State.

The trial court placed its ruling excluding the evidence upon the proposition that the interviewing of witnesses and the search for evidence in the case was not within the scope of a lawyer's retainer, and, hence, if he acted dishonestly in that regard his fraud could not be imputed to his client. With this reasoning we are unable to agree. The ultimate question in every lawsuit is whether the plaintiff or the defendant is entitled to succeed, and it would be intolerable that the party who ought to succeed should be defeated because his opponent's attorney resorted to wicked and corrupt means to falsify the evidence upon which the decision of the case was to turn. A client who has obtained a judgment by such means cannot be allowed to benefit by it to the detriment of his opponent, on the ground that he did not specifically authorize his attorney to resort to fraud. In this particular case the objection to the testimony was peculiarly inopportune. The attorneys' retainer and contract of employment was in writing and was read in evidence. Not only were the plaintiff's attorneys specifically given the right to take all necessary steps to enforce her claims, but they were to receive for their services a large percentage of the recovery, so that if they committed a fraud, or caused or permitted their "investigator" to do so, they would personally benefit thereby to the extent of their agreed contingent fee. It appears that after the first trial one of the justices, sitting as a magistrate, instituted an inquiry into the acts and conduct of the plaintiff's "investigator," taking a large amount of evidence. The plaintiff has burdened the files of the court by printing, as a part of her brief, what purports to be a copy of the evidence so taken, and has argued at length that that record failed to

show that the "investigator" had been guilty of any wrongful act. That record is not relevant to any question presented on this appeal, and we have declined to read or consider it. It is enough that defendant had the right to present the evidence to the jury — its weight was for it, not for the court.

It follows that the judgment and order appealed from must be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, DAVIS and SHEARN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.