161 So.2d 815

Jerol Johnny JOHNSON

v.

Jesse F. SEXTON.

4 Div. 180.

Supreme Court of Alabama.

March 12, 1964.

Fleming & Stephens, Elba, for appellant.

Rowe & Lane, Elba, for appellee.

COLEMAN, Justice.

This is an appeal by the defendant from a judgment for the plaintiff in an action brought by him to recover for damages he sustained as the result of personal injuries suffered by his wife and six-year-old son in an automobile collision.

The sole assignment of error argued in brief requires us to decide whether the court erred in permitting the mother to point out on the body of the son scars he received in the accident. Appellant describes the conduct complained of as follows:

> "During the course of the trial . . the minor child of plaintiff . . . came from the witness room and took the witness stand with his mother . . . During the time the minor child was on the stand sitting in the lap of his mother, she testified with regard to injuries sustained by the child and pointed to grievous and ugly scars on and about the child's face. The child was not called as a factual witness . .."

Appellant then moved for a mistrial based on the aforesaid conduct and testimony of mother and child.

The proposition of law relied on by appellant is stated in brief as follows:

> "1. In an action by the father to recover for medical and doctors expense and for loss of services, the person of the injured child who is not called as a witness should not be exhibited to the jury.

> "Marshall vs. Gantt, 15 Ala. 682"

Two cases on the propriety of exhibiting the person of an injured child to the jury have been summarized as follows:

> "In an action to recover for personal injuries to a child, it was proper to allow the infant to be exhibited to the jury so that they might see the injuries, although the child was not called as a witness, being incompetent to testify because of her age. Yellow Cab Co. v. Henderson (1944) 183 Md 546, 39 A2d 546, 175 ALR 267.

> "In Lacs v. James Everard's Breweries (1901) 61 AppDiv 431, 70 NYS 672, revd on other grounds 170 NY 444, 63 NE 448, an action to recover for personal injuries, it was held that no error was committed by exhibiting the person of the plaintiff, a 3-year-old child, to the jury." 66 A.L.R.2d, at page 1342.

In Birmingham Railway, Light & Power Co. v. Rutledge, 142 Ala. 195, 39 So. 338, an action for personal injuries, the statement of facts recites in part as follows:

> "On the examination of the plaintiff, he was told by his counsel 'to walk the best he could before the jury.' The defendant objected, the court overruled the objection, and defendant excepted. Plaintiff then walked before the jury. . . ." (142 Ala. at page 199, 39 So. at page 339.)

This court held that the trial court did not err in permitting the plaintiff to walk before the jury. Concerning this alleged error the court said:

> " . . . But on legal principle the evidence is on the same plane as that afforded the jury by a view of his person in repose, or by having him stand

before them to show that one leg is longer than the other were the shortening or elongation of a leg the thing complained of, or by exposing an arm to the jury upon invocation to do his best bending it at the joints, the claim being that it is stiffened, and therefore, incapable of normal use, and the like; and we are not prepared to say that the court erred in allowing this walking illustration of the plaintiff's alleged injuries." (142 Ala. at page 203, 39 So. at page 340)

See Woodward Iron Co. v. Spencer, 194 Ala. 285, 293, 69 So. 902, an action for personal injury, where plaintiff was brought before the jury to show the place where the leg was amputated, and was not examined as a witness.

In Marshall v. Gantt, supra, the action was for breach of warranty in the sale of six slaves. One of the slaves was exhibited to the jury in opposition to the objection of "the defendant in error." The report of the case states that the action was by "defendant against plaintiff in error." It thus appears that the objection was by plaintiff in that case.

This court reversed the judgment for the plaintiff because of error in the court's charge to the jury. With respect to exhibiting the slave to the jury, this court said: " . . . the practice of producing the slave before the jury, should not be encouraged." We have not found where Marshall v. Gantt has been cited for the proposition relied on by appellant. So far as we are advised, it has not been followed as authority for that proposition. It should be noted that the action there was for breach of warranty and not for personal injury. If the statement in Marshall v. Gantt, supra, be authority that the injured person should not be exhibited to the jury, in an action for personal injury, it is not in accord with the weight of authority or Birmingham Railway, Light & Power Co. v. Rutledge, supra, and is disapproved.

 We have noted that this action is by the husband and father for expense incident to treatment of wife and child and for loss of their services, and is not an action by the wife or child, as plaintiff, for the injury suffered by them. We see no reason why the jury should not be shown the injuries on the person of the child in this case as well as in an action by the child himself. In either case, a view of the injury on the person is relevant to the issue of the extent of treatment required and past and future disability of the child to perform the services for loss of which the father sues.

On the authority of the last cited case, we are of opinion that the court, in the case at bar, did not err in permitting the person of the minor child to be exhibited to the jury or in allowing the mother to point out the scars on the child's body. Overruling appellant's motion for mistrial was not error and the judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and SIMPSON, JJ., concur.